JOHN B. SHAFFER, Appellant, v. FRED MILLER, Appellee.

TRIAL: Unsupported Theory. An instruction which presents a
1 wholly unsupported theory constitutes error.

NEGLIGENCE:. Speed of Automobile. The speed of an automobile
2 creates a *presumption* of negligence only in case the speed exceeds 25 miles per hour, but a driver may be negligent in driving at a lower speed, and, under proper evidence, it is error to fail to submit such latter issue.

*Appeal from Taylor District Court.*—H. K. EVANS, Judge.

FEBRUARY 17, 1919.

ACTION for damages consequent upon a verdict for defendant and judgment thereon. The plaintiff appeals.—*Reversed.*

*Tinley, Mitchell, Pryor & Ross,* and *R. T. Burrell,* for appellant.

*Flick & Flick,* for appellee.

LADD, C. J.—I. Between eight and nine o'clock in

the morning of August 19, 1916, the plaintiff was driving a team of horses, hitched to a heavy farm wagon, in a northerly direction toward New Market. The defendant, accompanied by one Thompson, was operating his automobile in the same direction, and passed to the left of plaintiff; and in so doing, the bumper of the automobile, inside of the right spring, struck the left wheel of the wagon, and plaintiff was thereby thrown from the wagon and seriously injured. The plaintiff testified that he did not hear any warning whatever of the approach of the automobile in his rear, while the defendant swore that he blew the horn when his car was about 145 yards back of the wagon, and Thompson fixed this distance as 145 or 150 rods; and both testified that the plaintiff looked around. All agree that plaintiff did not turn his team either way, and that the wheels of his wagon continued in the beaten track, though one witness thought plaintiff "began to swing his team a little, but he stuck right to the beaten track." There was scarcely room for an automobile to pass between the left wagon wheels and embankment further to the left, and, according to Thompson's testimony, defendant's car was as far west as it could get, when it struck the wheels. The defendant testified to driving about 25 miles an hour, and others swore to his having admitted a speed of 35 miles an hour. He swore that he hugged the bank as close as he could, and that he supposed plaintiff was going to turn to the right; that he was leaving enough room to get around him.

1. TRIAL: unsupported theory.

"Q. That was the reason you started to go around him? A. Yes, sir. Q. Did he turn out? A. He never moved his team until I was up against the wagon, and he started to pull out his team."

There was no room for controversy as to whether defendant, before undertaking to pass, was fully aware that

plaintiff had not turned his team or wagon to the right. The court, in an instruction, quoted Section 1569 of the Supplement to the Code, 1913:

"Whenever a person in any vehicle shall approach from the rear upon the public highway and desire to pass, it shall be the duty of the driver or operator of such vehicle ahead to give one half of the beaten path thereof, upon proper signal or request, by turning to the right. The vehicle approaching from the rear shall turn to the left and shall not return to such road or path within less than thirty feet of the team or vehicle which has been passed; provided, however, that such vehicle need not give such right of way when it would jeopardize the safety of the driver or operator to do so. Failure to comply with the above shall be deemed a misdemeanor and punishable as such."

This was followed by saying that:

"If defendant undertook to pass without signal or request, and the collision was in consequence of such omission, plaintiff, if without fault, was entitled to recover; but that, if signal was given, and at a time and distance from plaintiff that it was reasonable to believe the plaintiff could and did hear the same, and you find the plaintiff could have given one half of the beaten path without jeopardizing the safety of the plaintiff, and you further find that plaintiff failed, on signal of defendant, to give one half of the beaten path, and you further find defendant, from the action and conduct of plaintiff, believed and had a right to believe that *plaintiff was about to give one half of the beaten path*, but did not do so, and the failure of plaintiff to respond to the signal of defendant and give one half of the beaten path was the cause of the accident, or contributed to the accident and injury to plaintiff, then plaintiff cannot recover in this action, and your verdict should be for the defendant."

This was erroneous; for there was no evidence war-

ranting the jury to find that defendant "believed or had the right to believe that plaintiff was about to give one half of the beaten path." On the contrary, he knew that plaintiff was paying no heed to the honk of the horn, if one were sounded, and was not likely to give a part of the road to the left. Mr. Miller swore:

"I saw Mr. Shaffer's wagon in the beaten, traveled tracks of the highway during all of the time I traveled 140 yards, and knew his wagon was in the highway; and yet I believed he was going to get out of the highway."

He was well aware that plaintiff was making no effort so to do, and if he so believed, it must have had reference to the future, either with the help of his automobile, or in the natural course of events. Surely, he entertained no such belief as to plaintiff's team and wagon's vacating one half of the road before he reached the wagon with his automobile, moving at a speed of 25 to 35 miles an hour. He was in no manner misled; but, with knowledge that plaintiff had not turned his team or wagon to the right, he undertook to drive his automobile along the embankment and between it and the wagon, where there was not sufficient room within which to pass. There is no basis in the evidence for such an instruction.

II. Section 1571-m19 of the Code Supplement, 1913, declares that:

"Every person operating a motor vehicle on the public highways of this state shall drive the same in a careful and prudent manner, and at a rate of speed so as not to endanger the property of another, or the life or limb of any person; provided, that a rate of speed in excess of twenty-five miles an hour shall be presumptive evidence of driving at a rate of speed which is not careful and prudent in case of injury to the person or property of another."

2. NEGLIGENCE: speed of automobile.

The court submitted whether the automobile was mov-

ing at a speed exceeding 25 miles an hour, and told the jury that, if it was so moving, defendant might have been found to have been negligent. The evidence was such that he might have been regarded as negligent, even though moving at a much lower speed at the time of the collision (see *Livingstone v. Dole*, 184 Iowa 1340), and that issue also should have been submitted to the jury.

Because of these errors, the judgment is—*Reversed*.

EVANS, PRESTON, and SALINGER, JJ., concur.